**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL BEROS, | ) | CASE NO. 5:22-CV-0920-CEH |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant, | ) | |

After successfully helping Plaintiff Michael Beros appeal his denial of Social Security benefits,

Plaintiff's counsel now seeks attorneys' fees under 42 U.S.C. § 406(b)(1) for work performed on

this case. (ECF No. 16).  Specifically, Plaintiff's counsel seeks $8,055 in contingent fees. In total,

Plaintiff's counsel's fees would be $39,843.75.

Courts must review fee requests to make sure that the fees are reasonable. *Tucker v. Comm'r*

*of Soc. Sec.*, 136 F.4th 639, 643 (6th Cir. 2025). Section 406(b) caps attorneys' fees at twenty-five

percent of the past-due benefits. *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 420–21

(6th Cir. 1990) (citation omitted). Plaintiff's counsel's request for $8,055 in contingent fees is

reasonable. Plaintiff Beros and counsel signed a contingency fee agreement where Beros agreed

to pay twenty-five percent of his past due benefits. (ECF No. 16-1). The total fee from past-due

benefits for all representation, before considering the EAJA refund, will be less than 25 percent of

past-due benefits.[1] Moreover, Plaintiff's counsel submitted a schedule of time spent in litigating Beros's case showing a total of 17.9 attorney hours. Hypothetically, for the contingency fee of $8,055, before the EAJA refund, Plaintiff's counsel's hourly rate would amount to $450. Comparable hypothetical hourly rates have been found reasonable by this Court. *See McMillion v. Comm'r of Soc. Sec.*, No. 1:20-CV-2356 (N.D. Ohio, 7/2/2024) (Order, Gwin, J., ECF No. 34) (awarding contingent fee amounting to $659.81 per hour, with no objection of agency); *Cheatham v. Comm'r of Soc. Sec.*, No. 3:14-cv-1636 (N.D. Ohio, October 31, 2016) (Order, Carr, J., ECF No. 28) (awarding contingent fee amounting to $700 per hour); *Bowman v. Colvin*, No. 1:09-cv-248 (N.D. Ohio Mar. 27, 2014) (MOO, Gaughan, J., ECF No. 29) (adopting R&R, Mar. 10, 2014, Knepp, M.J., ECF No. 27 (awarding contingent fee amounting to $720 per hour)). Finally, the Commissioner does not oppose Plaintiff's counsel's request for attorney fees.

## CONCLUSION

For the reasons set forth herein, the Court grants Marcia W. Margolius, Esquire attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $8,055, on the condition that Plaintiff's counsel refunds Plaintiff the $4,417.83 in fees she previously received under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Dated: February 2, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

[1] The EAJA allows attorneys to be awarded fees for the same services under both §406(b) and the EAJA, so long as the smaller fee is refunded to the claimant. 28 U.S.C. §2412 note.